# Richmond

### ARCHIE LYNWOOD GORDON v. COMMONWEALTH OF VIRGINIA.

November 29, 1971.

Record Nos. 7738 and 7739.

Present, All the Justices.

*Porter R. Graves, Jr.* (*Moore, Jackson and Graves,* on brief), for plaintiff in error in Record Nos. 7738 and 7739.

*C. Tabor Cronk, Assistant Attorney General* (*Andrew P. Miller, Attorney General,* on brief), for defendant in error in Record Nos. 7738 and 7739.

Per Curiam.

Defendant, Archie Lynwood Gordon was convicted under one indictment for the unlawful shooting and wounding of Mrs. Alice Wenger and under another indictment for the malicious shooting and wounding of Roger Hawkins. The judgment order fixed his punishment at confinement in the penitentiary for periods of one year and seven years, respectively. Gordon appeals his convictions, assigning error to the trial court's refusal to give Instruction No. 10, which reads as follows:

"A person has the right to use reasonable force, and, if necessary, to kill another who manifestly intends and endeavors by violence to commit a felony on him."

The trial court refused the instruction on the grounds that it was not a proper statement of the law and that Gordon was not entitled to any instruction based on the right of self-defense.

Instruction No. 10 is an incomplete, inaccurate and abstract statement of the law, and as such was properly refused by the trial court. *Bailey* v. *Commonwealth*, 200 Va. 92, 104 S.E. 2d 28 (1958); *Dodson* v. *Commonwealth*, 159 Va. 976, 167 S.E. 260 (1933). It does not set forth all the duties with which Gordon had to comply before he was entitled to rely on any theory of self-defense. *See Bailey* v. *Commonwealth*, *supra*. Furthermore, the test is not whether Gordon used reasonable force against a person who manifestly intended and endeavored by violence to commit a felony on him, but whether he reasonably feared death or serious bodily harm to himself at the hands of such person. *Bailey* v. *Commonwealth*, *supra*; *Taylor* v. *Commonwealth*, 185 Va. 224, 38 S.E.2d 440 (1946).

Since Instruction No. 10 was properly refused and Gordon failed to tender any other self-defense instruction, we need not decide whether he was entitled to such an instruction under the evidence adduced in his behalf.

*Affirmed.*